**NOT FOR PUBLICATION**
**UNITED STATES COURT OF APPEALS**
**FOR THE NINTH CIRCUIT**

FILED

OCT 24 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| **KEVIN J. KEEN; TAMRA E. KEEN; CURT CONYERS; KELLY E. CONYERS, individually; on behalf of themselves and all others similarly situated,**<br><br>Plaintiffs-Appellants,<br><br>v.<br><br>**JPMORGAN CHASE & CO., a national banking association,**<br><br>Defendant-Appellee. | No.   15-17188<br><br>D.C. No. 3:15-cv-01806-WHO<br><br>**MEMORANDUM**<sup>*</sup> |

Appeal from the United States District Court
for the Northern District of California
William Horsley Orrick, District Judge, Presiding

Argued and Submitted September 13, 2017
San Francisco, California

Before:   **KOZINSKI** and **FRIEDLAND**, Circuit Judges, and **ARTERTON**,[**] District Judge.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable Janet Bond Arterton, United States District Judge for the District of Connecticut, sitting by designation.

**1.** The Truth in Lending Act ("TILA") protects a concrete interest in receiving accurate credit information. See 15 U.S.C. § 1601(a); Fed. Election Comm'n v. Akins, 524 U.S. 11, 21 (1998); Havens Realty Corp. v. Coleman, 455 U.S. 363, 373–74 (1982). At the pleading stage, plaintiffs' allegation that Chase violated TILA by understating a finance charge satisfies the Article III injury-in-fact requirement. See Van Patten v. Vertical Fitness Grp., LLC, 847 F.3d 1037, 1043 (9th Cir. 2017). So plaintiffs have standing. The case isn't moot because the availability of statutory damages preserves a live controversy. Ho v. ReconTrust Co., NA, 858 F.3d 568, 571 n.1 (9th Cir. 2016).

**2.** A district court may dismiss for failure to state a claim "where [a] complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008). The note and deed of trust for plaintiffs' mortgage establish that neither Chase nor a subsequent debt holder could charge 365/360 interest. See Fletcher v. Sec. Pac. Nat'l Bank, 591 P.2d 51, 55 (Cal. 1979); Chern v. Bank of Am., 544 P.2d 1310, 1314 (Cal. 1976). Because Chase disclosed an accurate finance charge, the district court didn't err by dismissing this case.

**3.** We grant the Consumer Financial Protection Bureau's motion for leave to file a brief as <u>amicus curiae</u> and the parties' unopposed motions to file supplemental briefs in response to the Consumer Financial Protection Bureau. We deny all remaining motions as moot.

**AFFIRMED**.